# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| STATE OF LOUISIANA | CIV. ACTION NO. 3:26-00059 |
| VERSUS | JUDGE JERRY EDWARDS, JR. |
| TAMARA ANDRIANNE HAYNES HARDMON | MAG. JUDGE KAYLA D. MCCLUSKY |

## REPORT AND RECOMMENDATION

This matter is before the undersigned magistrate judge, on reference from the District Court.   For reasons assigned below, the undersigned finds that the Court lacks subject matter and removal jurisdiction, and, therefore, it is recommended that this matter be remanded to state court.

## Background

On January 6, 2026, Defendant, Tamara Andrianne Haynes/Hardmon ("Haynes/Hardmon") filed the instant Notice of Removal ("Notice") pursuant to 28 U.S.C. §§ 1443 and 1455, plus "for effect only 28 U.S.C. § 1446(d) . . ."   (Notice [doc. # 1]).   In her Notice, Haynes/Hardmon alleged that she was removing a state court proceeding that the State of Louisiana initiated against her on January 18 and May 6, 2025, in the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana:   Case Nos. 2025-1516 and 2025-11648. *Id.*   She attached to her Notice two bills of information that reference Case IDs:   25-1516 and 25-11648, bearing Criminal Nos. 2025-274 and 2025-2069, charging her, in the former instrument, with resisting an officer and driving with excessive tint on January 18, 2025 and, in the latter instrument, with threatening a public official, resisting an officer, improper lane usage, operating a vehicle without liability insurance, operating a motor vehicle without registration,

operating a vehicle without a current license, and driving without an inspection sticker, all on May 6, 2025.   (*Louisiana v. Haynes Hardmon*, No. 2025-CR-274 (4th JDC Feb. 14, 2025) and *Louisiana v. Haynes Hardmon*, No. 2025-CR-2069 (4th JDC Jul. 10, 2025); Notice, Exhs. [doc. # 2].

Haynes/Hardmon added that she filed her Notice pursuant to 28 U.S.C. § 1455 and invoked federal question jurisdiction under 28 U.S.C. §§ 1331 and 1446(d) and diversity jurisdiction under 28 U.S.C. § 1332.   (Notice, ¶ 3).   She stated that she was asserting her rights secured by the First, Fourth, Fifth, Sixth, Eighth, Tenth, and Fourteen Amendments to the U.S. Constitution and contends that she has been "denied the ability to enforce federal constitutional rights in state court, including but not limited to unlawful arrest, custodial interrogation without Miranda warnings, suppression of exculpatory evidence, judicial bias, and denial of due process."   (Notice, ¶ 10 and § IV).   Haynes/Hardmon asks this Court to assume jurisdiction over the removed prosecution and grant such other relief as justice requires.   *Id*., Conclusion.

## Law and Analysis

"Federal courts are courts of limited jurisdiction.   They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Thus, "[i]It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."   *Id*. (internal citations omitted).

Here, Haynes/Hardmon plainly removed her state court criminal prosecution(s) to federal court, and, consequently, she has the burden of proving that this Court has jurisdiction to hear the

2

case(s).   Indeed, by law, "[a] defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal . . ." 28 U.S.C. § 1455(a).   The notice of removal of a criminal prosecution shall set forth all grounds for such removal.   28 U.S.C. § 1455(b)(2).   Further, "[t]he United States district court in which such notice is filed shall examine the notice promptly.   If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."   28 U.S.C. § 1455(b)(4).

Removal of a criminal action to federal court is restricted to an extremely small class of circumstances limited to criminal cases brought against "(1) officers, agencies, or agents of the United States (§ 1442), (2) members of the armed forces (§ 1442a), or (3) defendants when a state court refuses (or is unable) to enforce their federal (race-based) civil rights (§ 1443)." *Coleman v. State of Mississippi,* Civ. Action No. 25-0663, 2025 WL 3899503, at *1 (S.D. Miss. Dec. 17, 2025), *R&R adopted*, 2026 WL 39303 (S.D. Miss. Jan. 6, 2026) (quoting *State v. Renteria*, 2023 WL 7894004, at *4 (W.D. Tex. Oct. 31, 2023)).

Here, Haynes/Hardmon did not cite or otherwise claim to be a member of the first two categories of removable criminal cases.   Rather, she invoked § 1443.   To warrant removal to federal court under § 1443,

> the defendant must show both that (1) the right allegedly denied [her] arises under a federal law providing for specific rights stated in terms of racial equality; and (2) the removal petitioner is denied or cannot enforce the specified federal rights in the state courts due to some formal expression of state law.

*State of Tex. v. Gulf Water Benefaction Co.*, 679 F.2d 85 (5th Cir. 1982) (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)).

3

In her Notice, however, Haynes/Hardmon did not set forth facts to support either prong of § 1443's removal requirement.    While Haynes/Hardmon invoked a litany of federal constitutional amendments and civil rights in her Notice, it is manifest that "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice."  *Johnson*, 421 U.S. at 219; *Muhammad v. Louisiana Attorney Disciplinary Bd.*, Civ. Action No. 09-3431, 2009 WL 1248972, at *1 (E.D. La. May 5, 2009) (alleged violation of due process and equal protection rights does not suffice to support removal of a criminal case). Furthermore, Haynes/Hardmon did not identify any provision of Louisiana law that would prohibit her from enforcing federal equal rights in state court.    *Coleman*, 2025 WL 3899503, at *3-4 (defendant failed to show that his rights will not be enforced in state court).

Accordingly, it is clear from the Notice and exhibits that removal is not permitted. Therefore, summary remand is required.    28 U.S.C. § 1455(b)(4); *see Coleman*, 2025 WL 3899503 at *4; *Queens Cnty. Criminal Court, Inc. v. Alexandria*, Civ. Action No. 25-8537, 2025 WL 3761877, at *2 (S.D.N.Y. Dec. 30, 2025); *New York v. Bey ex rel. McDaniel*, Civ. Action No. 24-1779, 2024 WL 2133857, at *2 (S.D.N.Y. Apr. 15, 2024) (same).

For the sake of thoroughness, the Court observes that Haynes/Hardmon also cited § 1446(d).    However, § 1446 applies to the removal of *civil* actions; it does not support removal of her *criminal* case(s).    28 U.S.C. § 1446; *Coleman*, 2025 WL 3899503, at *2.    She also cited 28 U.S.C. § 1331, but, again, that statute confers jurisdiction over civil actions, not criminal cases. 28 U.S.C. § 1331 and *Coleman*, 2025 WL 3899503, at *2 (citation omitted); *Smith-El v. Louisiana*, Civ. Action No. 16-1310, 2016 WL 8900203, at *1 (W.D. La. Sept. 27, 2016), *R&R*

4

*adopted,* 2017 WL 1821111 (W.D. La. May 3, 2017).   Even if it did, "[t]he presence or absence of federal- question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."   *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 118 S.Ct. 921 (1998).[1]   Here, the State of Louisiana is prosecuting Haynes/Hardmon for violations of state law, and, thus, a federal question is not apparent on the face of the charging instruments.

Finally, Haynes/Harmon has also improperly invoked federal question jurisdiction.   Like the federal question statute, the diversity jurisdiction statute, 28 U.S.C. § 1332 applies only to civil actions.   Moreover, the diversity jurisdiction is inapplicable because one of the parties in each of these cases is the State of Louisiana, and a state is not a citizen for the purpose of diversity jurisdiction.   *In re Katrina Canal Litig. Breaches*, 524 F.3d 700, 706 (5th Cir. 2008). In sum, there is no basis for the exercise of federal jurisdiction over this case(s) under either statute.

### Conclusion

For the reasons explained, the Court finds that removal of this matter is neither authorized nor permitted by law.   Therefore, remand is required.   28 U.S.C. § 1455(b)(4). Accordingly,

IT IS RECOMMENDED that the matter, *Louisiana v. Haynes Hardmon*, No. 2025-CR-274 (4th JDC Feb. 14, 2025) and *Louisiana v. Haynes Hardmon*, No. 2025-CR-2069 (4th JDC Jul.

---

[1] "[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

10, 2025), be remanded to the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana, whence it was removed.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.   A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.   A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.   Timely objections will be considered by the District Judge before he makes a final ruling.

**A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district judge.**

In Chambers, at Monroe, Louisiana, on this 12th day of January, 2026.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE

6