**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **STATE OF LOUISIANA** | **CIVIL ACTION NO. 26-59** |
| **VERSUS** | **JUDGE EDWARDS** |
| **TAMARA ANDRIANNE HAYNES HARDMON** | **MAG. JUDGE MCCLUSKY** |

## MEMORANDUM ORDER

Before the Court is a Motion for Reconsideration (R. Doc. 8) filed by the defendant, Tamara Andrianna Haynes Hardmon ("Defendant"). Defendant seeks relief from this Court's Judgment (R. Doc. 4), which adopted the Magistrate Judge's Report and Recommendation (R. Doc. 3). For the reasons explained below, her Motion is **DENIED**.

The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration. *See Bass v. United States Dep't of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000). A motion for reconsideration is evaluated either under Rule 59(e) as a motion "to alter or amend judgment," or Rule 60(b) as a motion for "relief from judgment." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 n. 14 (5th Cir. 1994). Specifically, if the motion for reconsideration is filed and served within 28 days of the rendition of judgment, the motion falls under Rule 59(e). *See Sentry Select Ins. Co. v. Home State Cty. Mut. Ins. Co.*, 582 F. App'x 284, 286 (5th

Cir. 2014). Because the current motion was filed more than 28 days after the judgment, *see* R. Docs. 4 and 8, the Court will consider it under Rule 60(b).[1]

A district court has broad discretion to grant or deny a motion under Rule 60(b). *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998). Under Rule 60(b), a court will grant relief from a final judgment or order only upon a showing of one of:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The burden of establishing at least one of these reasons is on the moving party, and the determination of whether that burden has been met rests with the discretion of the Court. *See Lavespere*, 910 F.2d at 173. "A mere disagreement with the resolution or final judgment of a matter is not enough to warrant this Court to grant a motion for reconsideration." *Brock v. Walden U. & Affiliates*, No. 22-125, 2024 WL 994655, at *2 (W.D. La. Mar. 7, 2024) (discussing rule 60(b)).

Although Defendant asks the Court "to correct manifest errors of law or fact[,]" she does not expressly include these errors in her motion. *See Butler v. Johnson*, No. 17-559, 2019 WL 2479185, at *2 (W.D. La. June 10, 2019) (denying motion for

[1] Even if we consider Defendant's Motion under Rule 59(e), our disposition would remain the same.

reconsideration for the failure to identify errors in a prior ruling). And her status as a pro se litigant does not excuse compliance with the requirements of Rules 59 and 60. *See Daniels v. BASF Corp.*, 105 F. App'x 1, 2 (5th Cir. 2004) ("Daniels's pro se status cannot excuse her complete failure to provide this court with a legal argument."). Nevertheless, the Court has found no reasons for reconsideration other than Defendant's disagreement with the Court's ruling. *See Odums v. Vannoy*, No. 20-0391, 2023 WL 3046853, at *1 (W.D. La. Apr. 21, 2023). Accordingly, Defendant's Motion is **DENIED**.

**THUS DONE AND SIGNED** in Chambers this 16th day of September, 2026.

Jerry Edwards, Jr.

**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**